OPINION.
{¶ 1} Defendant, Lindy Lancaster, appeals from a judgment for Plaintiff, Melody Cleveland, on her claim for personal injuries.
 {¶ 2} Plaintiff commenced her personal injury action by a complaint that she filed on March 29, 1999. Pursuant to Civ.R. 38(B), Plaintiff endorsed a jury demand on her complaint.
 {¶ 3} Defendant filed an answer and cross-claim on May 11, 1999. That pleading contained no form of jury demand.
 {¶ 4} The case proceeded through arbitration and then mediation over the next two years. Eventually, the court set the case for trial by jury on August 13, 2001.
 {¶ 5} On August 10, three days prior to trial, Plaintiff filed a form of written motion withdrawing her jury demand. On that same date, Defendant filed her written objection to Plaintiff's withdrawal of her jury demand. Defendant also filed her own motion demanding a jury trial.
 {¶ 6} The trial court granted the Plaintiff's motion, denied Defendant's objection and demand for a jury trial, and referred the matter for trial by a magistrate. Defendant filed a notice of appeal from the trial court's order. We subsequently dismissed the appeal for lack of a final order.
 {¶ 7} The case proceeded to trial before the magistrate, who entered a decision in Plaintiff's favor on her claim for relief on October 31, 2002. Neither party filed objections. The trial court modified and adopted the magistrate's decision on December 2, 2002, entering judgment for Plaintiff. Defendant filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "The trial court erred, to the prejudice of appellant, in granting plaintiff's motion to withdraw the jury demand."
 SECOND ASSIGNMENT OF ERROR {¶ 9} "The trial court erred, to the prejudice of appellant, in not granting appellant's demand for a trial by jury."
 {¶ 10} The right to trial by jury in civil cases is guaranteed by Article I, Section 5 of the Ohio Constitution. Civ.R. 38 and Civ.R. 39 set out procedures by which the right is exercised. Civ.R. 38(A) states: "The right to trial by jury shall be preserved to the parties inviolate."
 {¶ 11} Civ.R. 38(B) provides, inter alia:
 {¶ 12} "Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such demand shall be in writing and may be indorsed upon a pleading of the party. If the demand is endorsed upon a pleading the caption of the pleading shall state `jury demand endorsed hereon.'"
 {¶ 13} Civ.R. 39(A) contains the following complementary provision:
 {¶ 14} "By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist. The failure of a party or his attorney of record either to answer or appear for trial constitutes a waiver of trial by jury by such party and authorizes submission of all issues to the court." When either party has made a proper and timely demand for trial by jury, as Plaintiff did when she endorsed a jury demand on her complaint, and the court schedules the case for trial by jury, as the court did here, Civ.R. 39(A) sets out the exclusive method and grounds by and on which the matter thereafter may be tried to the court instead of to a jury. Soler v. Evans, St. Clair Kelsey, 94 Ohio St.3d 432, 2002-Ohio-1246. Therefore, the court may not thereafter permit the party who demanded a trial by jury to withdraw the demand absent one of the alternative grounds in Civ.R. 39(A): (1) the consent of all the other parties or (2) a finding that as to the issues involved no right to trial by jury exists.
 {¶ 15} The issues involved in this case were issues to which the right to trial by jury exists, and the court made no finding to the contrary. Instead, the court granted Plaintiff's motion to withdraw her demand on the basis of her ex parte application, over Defendant's objection. The court erred in so doing, violating the requirements of Civ.R. 39(A) and, in the process, depriving Defendant of the right to trial by jury guaranteed to her by Article I, Section 5.
 {¶ 16} Plaintiff argues that, per Civ.R. 53(E)(3)(b), Plaintiff waived her right to argue the trial court's error on appeal because she failed to object to its erroneous ruling in objections to the magistrate's decision. The waiver provisions of the rule apply to issues of fact or law the magistrate decided, and not to those that were decided by the court itself.
 {¶ 17} Here, the trial court overruled Defendants' objection to Plaintiffs' application to withdraw her jury demand before the court referred the matter to the magistrate for trial. No further objection, to either the magistrate or the court, was necessary to preserve the error for appeal.
 {¶ 18} The first and second assignments of error are sustained.
 THIRD ASSIGNMENT OF ERROR {¶ 19} "The trial court's judgment dated December 2, 2002 should be reversed because defendant-appellant was denied a trial by jury."
 {¶ 20} The correctness of this assignment of error is axiomatic. It is sustained.
 Conclusion {¶ 21} The judgment from which this appeal was taken will be reversed, and the case will be remanded for further proceedings.
 {¶ 22} BROGAN, J. and WOLFF, J., concur.